**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**NICHOLAS D'ANDRE THOMAS,**

                **Plaintiff,**

     v.                                                 **CASE NO. 22-3033-SAC**

**BETHANY LEE, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Nicholas D'Andre Thomas, who is detained at the Shawnee County Jail (SCJ) in Topeka, Kansas, filed this pro se civil action pursuant to 42 U.S.C. § 1983 alleging misconduct and illegal action related to his ongoing state-court criminal prosecution. He names as defendants the state prosecutor, Bethany Lee, and the "District Attorney of Shawnee County Courtroom 4C, Division: 14." For the reasons explained below, the Court will dismiss this matter as frivolous and assess a strike against Plaintiff.

**I.  Nature of the Matter before the Court**

In December 2020, Plaintiff was charged in Shawnee County District Court with one count of aggravated battery. *See* Online Records of Shawnee County District Court, case number 2020-CR-2781. His preliminary hearing occurred in March 2021, but in June 2021, the state district court ordered a competency evaluation. *Id.* In October 2021, the state district court held a competency hearing and found that Plaintiff should be sent for further evaluation and

1

restoration pursuant to K.S.A. 22-3303. *Id.* It appears that Plaintiff is still waiting to be transported to Larned State Hospital. *Id.*

Plaintiff filed the current civil rights complaint in this Court on February 22, 2022. As Count I, Plaintiff claims that the following constitutional rights, privileges, or immunities were violated: "misrepresentation, abuse of power, abuse of legal process, false claim, due process, abuse of complaint procedure, false claim, malicious prosecution, failure of proof, false statement, ethic, error, breach of contract, 18 U.S.C. A. § 1001, 42 U.S.C. § 1983, KRPC 3.3, 3.1, 3.8, 7.1." (Doc. 1, p. 3.) As factual background for Count I, Plaintiff alleges that Defendants knowingly submitted to the state district court a criminal complaint containing false statements of material fact, including fabricated DNA evidence, to link Plaintiff to the alleged crime scene and secure his conviction. *Id.* Plaintiff also appears to assert that Defendants knowingly presented false evidence to the state court at the preliminary hearing and the June 2021 pretrial conference. *Id.*

Counts II and III of the complaint assert similar lists of the rights, privileges, rules, and legal theories that Plaintiff believes Defendants violated. Id at 3-4. As facts to support Counts II and III, Plaintiff additionally alleges that Defendants fabricated DNA evidence, failed to correct false statements of material fact others made to the state court regarding laboratory

2

evidence, and submitted false documentary evidence during a criminal investigation. *Id.* Plaintiff seeks "[r]elease relief, money relief, nominal relief, TRO relief, Declaratory relief, injunctive relief, compensatory relief, preliminary injunctive relief, indemnification relief, [and] punitive relief." *Id.* at 5.

## II. Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a), (b), and (e)(2)(B). When screening, the Court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## III. Discussion

This is the sixth federal case Plaintiff has filed seeking this Court's intervention in Shawnee County criminal case number 2020-CR-2781; Plaintiff has filed five federal habeas actions and one prior civil rights action under 42 U.S.C. § 1983. *See Thomas v. Maban, et al.*, case number 21-cv-3181-SAC (dismissed Sept. 22, 2021); *Thomas v. Hill*, case number 21-cv-3200-SAC (dismissed Oct. 7, 2021); *Thomas v. Wright*, case number 21-cv-3201-SAC (dismissed Oct. 12, 2021); *Thomas v. Lee*, case number 21-cv-3241-SAC (dismissed

Nov. 5, 2021); *Thomas v. State of Kansas*, case number 22-cv-3017-SAC (dismissed Jan. 25, 2022).

The Court has repeatedly explained to Plaintiff that under *Younger v. Harris*, 401 U.S. 37, 47, (1971), the Court determines whether (1) the state criminal proceedings are ongoing, (2) the state criminal proceedings affect important state interests, and (3) the state courts provide a satisfactory opportunity for Plaintiff to make constitutional arguments. *See Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). If all three of these conditions exist, this Court may not interfere in the state-court case unless there is "great and immediate" danger of "irreparable injury." *See Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)); *see also Younger*, 401 U.S. at 46.

As in Plaintiff's previous federal cases, the three conditions are satisfied here, so *Younger* requires dismissal without prejudice. In circumstances such as this, the Court usually will allow a plaintiff the opportunity to show cause why the matter should not be dismissed. This, however, is Plaintiff's sixth federal case attempting to challenge his ongoing state-court criminal prosecution. In addition to repeatedly explaining the *Younger* abstention doctrine, the Court has also advised Plaintiff that any future actions he files in this Court seeking this Court's intervention in Shawnee County criminal case number 2020-CR-2781 on

4

grounds similar to those he has previously alleged will be subject to summary dismissal as repetitive and frivolous litigation. *See Thomas v. Lee*, case number 2021-cv-3241-SAC, Doc. 8, p. 4-5.

Plaintiff's prior § 1983 action was based, among other things, on his allegations that the prosecutor misrepresented evidence to the state district court and lied about DNA evidence. *Thomas v. Wright*, case number 21-cv-3201-SAC, Doc. 1. Although Plaintiff points out in his current complaint that this is the first complaint in which he has named "the District Attorney of Shawnee County Court room 4C, Division: 14" as a defendant, the fact remains that the complaint currently before the Court is duplicative of the complaint in *Thomas v. Wright*. They both are based on events from the same state-court criminal proceedings, they both allege that the prosecutor misrepresented evidence to the state court and/or fabricated evidence, they both seek the same relief, and neither provides any reason why *Younger* does not require this Court to abstain from interfering in the state-court prosecution.

The Tenth Circuit has explained:

> "When a pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process.[R]epetitious litigation of virtually identical causes of action may be dismissed under [28 U.S.C.] § 1915 as frivolous or malicious. The unnecessary burden placed upon the juridical process in adjudicating these frivolous and malicious lawsuits is obvious. [T]here is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious. . . . No one, rich or poor, is entitled to abuse the judicial process." *Childs v. Miller*, 713 F.3d 1262, 1265 (10th

5

Cir. 2013) (internal citations and quotation marks omitted).

The Court understands that Plaintiff believes serious irregularities are occurring in his state-court prosecution. However, as Plaintiff is aware, *Younger* requires that this Court abstain from interfering in his state-court criminal prosecution except in specific circumstances. The current complaint alleges no reason why *Younger* does not control. Thus, the Court will dismiss this matter as frivolous and repetitive.

The Court further finds that this dismissal should count as a strike under the Prison Litigation Reform Act (PLRA), which provides:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In other words, each time a civil action or an appeal brought by a prisoner is dismissed "as 'frivolous' or 'malicious' or for 'fail[ing] to state a claim upon which relief may be granted,'" it counts as a "strike" against the prisoner. *See Payton v. Ballinger*, 831 Fed. Appx. 898, 902 (10th Cir. 2020). Once a prisoner has accumulated three strikes, he or she may not proceed in forma pauperis in a civil action or an appeal without showing "imminent danger of serious physical injury." *Id.*

6

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** as frivolous litigation. This dismissal will count as a strike under the PLRA.

**IT IS SO ORDERED.**

DATED:  This 24th day of February, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge